IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30506
Summary Calendar
_____

JOHN J. GARRICK and MARYANN GARRICK,

Plaintiffs-Appellants,

versus

DALE THIBODEAUX; SHERIFF'S DEPARTMENT
ACADIA PARISH; JOHN WILSON; TOWN OF
CHURCH POINT; KEN GOSS, and FLOYD LYONS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-1894
- - - - - - - - - -

February 22, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

John and Maryann Garrick appeal the summary judgment in favor of all defendants on their 42 U.S.C. § 1983 claims. In ruling on a summary-judgment motion, a court must review the facts drawing all inferences most favorable to the party opposing the motion. See Newell v. Oxford Management, Inc., 912 F.2d 793, 795 (5th Cir. 1990). The district court held that under the doctrine of Heck v. Humphrey, 512 U.S. 477, 486 (1994), Garrick

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was precluded from raising his § 1983 claims. Under <u>Heck</u>, a § 1983 plaintiff cannot recover damages for an unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until he has shown that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-487. Otherwise, such a claim for damages is not cognizable under § 1983 and must be dismissed. <u>Id.</u> at 484-486; <u>see</u> <u>Stephenson v. Reno</u>, 28 F.3d 26, 27 (5th Cir. 1994).

John Garrick had been convicted on his plea of *nolo contendere* of remaining after being forbidden, disturbing the peace, resisting arrest, and battery on a police officer. No evidence or allegation of a reversal or dismissal of the convictions is in the record. The allegations against the defendants under § 1983 include assault, battery, unlawful arrest, racial discrimination, and excessive and unjustified force. These allegations would directly call into question the validity of the convictions for resisting arrest and battery of a police officer. Therefore, even after all inferences most favorable to the plaintiffs are considered, the defendants have carried their burden of showing that Garrick's claims are barred under <u>Heck</u>, and the Garricks have failed to produce evidence raising a genuine issue of material fact. <u>See</u> <u>Celotex Corp. v.</u>

Catrett, 477 U.S. 317, 321 (1986). The summary judgment granted by the district court is therefore AFFIRMED.